UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WILLIAM A. DAVIS | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 12-260-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Respondents. | ) | |

*** *** *** ***

This matter is pending for consideration of Petitioner William A. Davis's Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. [Record No. 1] Consistent with local practice, the matter was referred to United States Magistrate Judge Edward B. Atkins for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Atkins filed his Report and Recommendation on October 10, 2012. [Record No. 3] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Davis's petition be denied. Magistrate Judge Atkins informed the parties that objections must be filed within fourteen days of the date of service or further appeal would be waived. [See *id.*, p. 4 (citing *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001)] That time has passed, and neither party has filed objections.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t

does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal.  *See id.* at 147–48; *Wright v. Holbrook*, 794 F.2d 1152, 1154–55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination regarding all issues raised herein, the Court is in agreement with the Magistrate Judge's Report and Recommendation.

Davis was convicted of three counts of first-degree rape and one count of sodomy by the Jessamine Circuit Court on July 10, 1995.  The conviction resulted from sexual assaults of his daughter several years earlier.  However, the charges were not filed until 1994 due to the wishes of the victim.  Davis's conviction was later affirmed by the Supreme Court of Kentucky in 1996. Davis filed this action on August 17, 2012, asserting several grounds for relief.  However, his petition did not provide any factual basis in support of his assertions.  As a result, Magistrate Judge Atkins provided Davis the opportunity to supplement his original petition. [Record No. 2]  Davis was further advised that failure to provide a factual basis through a supplement would result in a recommendation that the undersigned dismiss his petition.

Davis failed to file a supplemental pleading.  And as the Magistrate Judge correctly points out in his Report and Recommendation, the information in Davis's petition does not provide any factual information to support any of his contentions.  In short, Davis has utterly failed to state a claim upon which relief may be granted.  Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 3] is **ADOPTED** and **INCORPORATED** by reference.

2. Davis's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, [Record No. 1] is **DENIED**;

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the docket. A separate Judgment will be entered this date in favor of the Respondents.

This 29th day of October, 2012.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge